UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION

| | |
|---|---|
| T.V. and M.K., individually and on behalf of a class of those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SMITH-GREEN COMMUNITY SCHOOL CORPORATION, AUSTIN COUCH, Principal of Churubusco High School in his official and individual capacities,<br><br>    Defendants. | No. 1:09CV290 PPS<br><br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT-CLASS ACTION |

**Class Action Complaint for Declaratory and Injunctive Relief and Individual Action for Damages**

**Introduction**

1. The Principal of Churubusco High School, with power delegated to him by the Smith-Green Community School Corporation, has created a policy that allows him to bar students from athletics and other extra-curricular activities for expressive activity which takes place off of school grounds and has no effect or impact on the school itself. This policy was applied to plaintiffs resulting in their suspension from extra-curricular activities as well as forced, and unwarranted, mental health counseling and a forced public apology to school personnel for actions that took place off of school grounds and had no effect on the school whatsoever. The policy violates the First Amendment to the United States Constitution. The plaintiffs, on their own behalf and a class of those

similarly situated, seek appropriate declaratory and injunctive relief. The plaintiffs, on their own behalf, also seek their damages.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

**Parties**

6. T.V. is a minor child who attends Churubusco High School. She resides with her parents in Whitley County.

7. M.K. is a minor child who attends Churubusco High School. She resides with her parents in Whitley County.

8. Smith-Green Community School Corporation is located in Churubusco, Indiana, and provides public education for children in portions of Whitley and Noble Counties. The public high school operated by Smith-Green Community School Corporation is Churubusco High School

9. Austin Couch is the duly appointed principal of Churubusco High School.

**Class action allegations**

10. Plaintiffs bring this action on their own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

11. The class is defined as:

all present and future students at Churubusco High School who are participating, or who will participate, in athletics or other extra-curricular activities.

12. All the requirements of Rule 23(a) are met in this cause as follows:

   a. The class is so numerous that joinder of all members is impracticable. The exact size of the class is unknown but is believed to include a significant percentage of the approximately students at the high school.

   b. There are questions of law or fact common to the class – whether the challenged policy violates the First Amendment.

   c. The claims of the representative parties are typical of those of the class.

   d. The representative parties will fairly and adequately protect the interests of the class.

13. The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in this cause in that the defendants, at all times, have acted and have refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

14. Counsel for plaintiffs is an appropriate and adequate attorney to represent the class and should be appointed as attorney for the class pursuant to Rule 23(g), Federal Rules of Civil Procedure.

**Factual allegations**

15. T.V. is a female student at Churubusco High School who participates in extra-curricular activities, including athletics during the fall season. She is currently a sophomore.

16. M.K. is a female student at Churubusco High School who participates in extra-curricular activities, including athletics during the fall season. She is currently a sophomore.

17. The Smith-Green Community School Corporation has adopted an extra-curricular and co-curricular and athletic code of conduct ("Code of Conduct") which in part incorporates a rule of the Indiana High School Athletic Association ("IHSAA"). The policy, a portion of the Student Handbook, provides, among other things, that:

> These policies apply to all extra-curricular and co-curricular participants.
>
>     \*                 \*                \*
>
> It shall be recognized that the Principal, by the administrative authority vested in him/her by the Smith-Green Community School Corporation, may exclude any student-athlete from representing Churubusco High School if his/her conduct in or out of school reflects discredit upon Churubusco High School or the IHSAA or creates a disruptive influence on the discipline, good order, moral, or educational environment at Churubusco High School.

18. During the summer prior to the beginning of the 2009-2010 school year T.V. and M.K. attended a sleepover with friends who were also students at Churubusco High School.

19. During the sleepover the girls took pictures of themselves pretending to kiss or lick a large multi-colored novelty lollipop shaped phallus that they had purchased as well as pictures of themselves in lingerie with dollar bills stuck in their clothes as well as other pictures.

20. They intended this to be humorous and all the participants considered it to be so.

21. There was nothing in the pictures that identified the participants as attending Churubusco High School and there was no reference whatsoever in the pictures to Churubusco High School.

22. They desired to share these humorous photographs with their friends and therefore both T.V. and M.K. posted the pictures on their MySpace pages.

23. The only persons who had access to the pictures were persons who T.V. and M.K. had designated as their "friends" on MySpace.

24. An unknown person saw the pictures on MySpace, copied them, and, before the school year started, gave them to unknown school personnel. They were eventually given to defendant Couch by unknown persons.

25. Upon reviewing the pictures defendant Couch suspended T.V. and M.K. from extra-curricular activities for the school year.

26. This all occurred before the 2009-2010 school year started.

27. At no time did the pictures cause any disruption in the school or affect the school in any way.

28. Nevertheless, defendant Couch suspended both T.V. and M.K. from all extra-curricular activities, including athletics, for the entire school year.

29. T.V. and M.K.'s parents spoke to defendant Couch and he informed them that the punishment could possibly me lessened to 25% of the girls' extra-curricular activities if they went to three counseling sessions and individually apologized to the Athletic Board which consists of all the varsity head coaches at the High School.

30. The Athletic Board could only lessen the punishment. It could not stop the girls from receiving some punishment for their out of school behavior which was in no way disruptive of the school

31. T.V.'s father attempted to appeal defendant Couch's decision to punish the plaintiffs to the Superintendent of the Smith-Green Community School Corporation. He was told by the Superintendent that the Principal had absolute discretion and authority in this matter.

32. Because T.V. and M.K. did not want to miss the entire season they went to three counseling sessions.

33. The counseling reports were turned over to defendant Couch.

34. The girls also, individually, went before the Athletic Board a group of all male coaches to apologize for their behavior. Defendant Couch was present as well.

35. The forced counseling was humiliating to the plaintiffs and being forced to appear before the coaches to apologize for their intended humorous photographs which had no impact on the school whatsoever was profoundly embarrassing.

36. Both T.V. and M.K. were forced to miss 25% of their fall semester extra-curricular activities.

37. Defendant Couch has indicated that this behavior represents one "strike" against the plaintiffs.

38. Both plaintiffs have been profoundly and negatively affected by this experience.

39. Both plaintiffs are extremely reluctant to express themselves by posting pictures on their MySpace pages and are generally afraid to share pictures, e-mails, or other communications with their friends because of fear that they will lead to further punishment, even though they do not interfere with the school in any way.

40. Defendant Couch has been delegated the authority to discipline students participating in extra-curricular activities by the Smith-Green Community School Corporation and this authority is not subject to review although, as indicated above, the Athletic Board may decrease the punishment. However, it is defendant Couch's decision alone to initiate punishment and there is no appeal from his decision that some punishment should be meted out.

41. Plaintiffs have been damages by defendants' actions.

42. At all times defendants acted under color of state law.

43. Plaintiffs are being cause irreparable harm for which there is no adequate remedy at law.

**Jury demand**

44. Plaintiffs demand a trial by jury for all claims so triable.

**Claim for relief**

45. The punishment of plaintiffs for expressive activity taken place outside of the Smith-Green Community Schools which activity did not disrupt in any way educational activity violated the First Amendment and to the extent that defendants have a policy allowing such punishment the policy is unconstitutional as violating the First Amendment as applied to such activity which is not disruptive.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Certify this case as a class action with the class as defined above.

c. Declare that defendants' actions and the Conduct Policy as interpreted to apply to out-of-school activity that is not disruptive to the school violate the First Amendment as noted above.

d. Enter a permanent injunction, enjoining defendants from punishing plaintiffs and the putative class for actions taken outside of the school that are in no way disruptive of school activities and from interpreting the Conduct Policy to allow such punishment.

e. Enter a permanent injunction requiring the defendants to expunge all references to this incident from plaintiffs' records, to destroy all reports of counseling received as the result of this incident and enjoining defendants from using this incident in any way in the future concerning either T.V. or M.K.

f.	Award T.V. and M.K. their damages.

g..	Award plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

h.	Award all other proper relief.

Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059 ext. 104
fax: 317/635-4105
kfalk@aclu-in.org

Attorney for Plaintiffs and the
Putative Class