UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| T.V. and M.K., individually and on behalf of a class of those similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO. 1:09-CV-00290 PPS-RBC ) |
| SMITH-GREEN COMMUNITY SCHOOL CORPORATION; AUSTIN COUCH, Principal of Churubusco High School in his official and individual capacities, | ) ) ) ) ) |
| Defendants. | ) ) |

**Defendants' Answer To Plaintiffs' "Class Action Complaint for Declaratory and Injunctive Relief and Individual Action for Damages"**

Defendants, Smith-Green Community School Corporation and Austin Couch, in his official and individual capacity, (herein collectively referred to as "Smith-Green Defendants") answer the allegations in Plaintiffs' "Class Action Complaint for Declaratory and Injunction Relief and Individual Action for Damages" as follows:

**Introduction**

1. The Principal of Churubusco High School, with power delegated to him by the Smith-Green Community School Corporation, has created a policy that allows him to bar students from athletics and other extra-curricular activities for expressive activity which takes place off of school grounds and has no effect or impact on the school itself. This policy was applied to plaintiffs resulting in their suspension from extra-curricular activities as well as forced, and unwarranted, mental health counseling and a forced public apology to school personnel for actions that took place off of school grounds and

1

had no effect on the school whatsoever. The policy violates the First Amendment to the United States Constitution. The plaintiffs, on their own behalf and a class of those similarly situated, seek appropriate declaratory and injunctive relief. The plaintiffs, on their own behalf, also seek their damages.

**RESPONSE**: Smith-Green Defendants deny the allegations in Paragraph 1 of Plaintiffs' Complaint.

WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the cost of this action, attorneys' fees, and all other just and proper relief).

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331.

**RESPONSE:** Smith-Green Defendants admit that this Court has general subject matter jurisdiction of this litigation. However, it is denied that Smith-Green Defendants violated any Federal statute, (or any other statute, law [either Federal or state] ordinance or regulation).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**RESPONSE:** Smith-Green Defendants admit that venue is proper in this District, Division, and Court, however these Defendants deny that Smith-Green Defendants violated any Federal statute, (or any other statute, law [either Federal or state] ordinance or regulation).

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

**RESPONSE:** Smith-Green Defendants admit that 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure confer upon this Court the authority to

issue declaratory relief, however the Defendants deny that declaratory relief is appropriate in this lawsuit.

5.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

   **RESPONSE:**  Smith-Green Defendants admit that 42 U.S.C. § 1983 prohibits violation of rights secured by the U.S. Constitution under color of state law, but deny any such violation or deprivation of Constitutional (or any other) rights under color of state law (or otherwise).

   WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the cost of this action, attorneys' fees, and all other just and proper relief).

**Parties**

6.    T.V. is a minor child who attends Churubusco High School. She resides with her parents in Whitley County.

   **RESPONSE:**  Smith-Green Defendants have insufficient information to admit or deny the allegations in Paragraph 6 of Plaintiffs' Complaint as to the residency of T.V., thus, the allegations are denied.

7.    M.K. is a minor child who attends Churubusco High School. She resides with her parents in Whitley County.

   **RESPONSE:**  Smith-Green Defendants have insufficient information to admit or deny the allegations in Paragraph 7 of Plaintiffs' Complaint as to the residency of M.K., thus, the allegations are denied.

8.    Smith-Green Community School Corporation is located in Churubusco, Indiana, and provides public education for children in portions of Whitley and Noble Counties.

The public high school operated by Smith-Green Community School Corporation is Churubusco High School

**RESPONSE:** Smith-Green Defendants admit the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. Austin Couch is the duly appointed principal of Churubusco High School.

**RESPONSE:** Smith-Green Defendants admit that Austin Couch is the principal of Churubusco High School, but deny all other averments in Paragraph 9 of Plaintiffs' Complaint.

WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the cost of this action, attorneys' fees, and all other just and proper relief).

**Class action allegations**

10. Plaintiffs bring this action on their own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. The class is defined as:

> all present and future students at Churubusco High School who are participating, or who will participate, in athletics or other extra-curricular activities.

**RESPONSE:** Smith-Green Defendants deny that "all present and future students at Churubusco High School who are participating, or who will participate, in athletics or other extra-curricular activities" is an appropriate and/or legal definition of a "class" as required by FRCP 23.

12. All the requirements of Rule 23(a) are met in this cause as follows:

    a.    The class is so numerous that joinder of all members is impracticable. The exact size of the class is unknown but is believed to include a significant percentage of the approximately students at the high school.

    b.    There are questions of law or fact common to the class – whether the challenged policy violates the First Amendment.

    c.    The claims of the representative parties are typical of those of the class.

    d.    The representative parties will fairly and adequately protect the interests of the class.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 12 of Plaintiffs' Complaint, including all allegations in each and every subpart.

13.    The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in this cause in that the defendants, at all times, have acted and have refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

14.    Counsel for plaintiffs is an appropriate and adequate attorney to represent the class and should be appointed as attorney for the class pursuant to Rule 23(g), Federal Rules of Civil Procedure.

**RESPONSE:** Smith-Green Defendants deny that class certification is appropriate and as such, deny the allegations in Paragraph 14 of Plaintiffs' Complaint.

WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the cost of this action, attorneys' fees, and all other just and proper relief).

**Factual allegations**

15.     T.V. is a female student at Churubusco High School who participates in extra-curricular activities, including athletics during the fall season.  She is currently a sophomore.

   **RESPONSE:**  Smith-Green Defendants admit the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.     M.K. is a female student at Churubusco High School who participates in extra-curricular activities, including athletics during the fall season.  She is currently a sophomore.

   **RESPONSE:**  Smith-Green Defendants admit the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.     The Smith-Green Community School Corporation has adopted an extra-curricular and co-curricular and athletic code of conduct ("Code of Conduct") which in part incorporates a rule of the Indiana High School Athletic Association ("IHSAA").  The policy, a portion of the Student Handbook, provides, among other things, that:

>  These policies apply to all extra-curricular and co-curricular participants.
>
>            *                              *                              *
>
>  It shall be recognized that the Principal, by the administrative authority vested in him/her by the Smith-Green Community School Corporation, may exclude any student-athlete from representing Churubusco High School if his/her conduct in or out of school reflects discredit upon Churubusco High School or the IHSAA or creates a disruptive influence on the discipline, good order, moral, or educational environment at Churubusco High School.

   **RESPONSE:**  Smith-Green Defendants admit the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. During the summer prior to the beginning of the 2009-2010 school year T.V. and M.K. attended a sleepover with friends who were also students at Churubusco High School.

**RESPONSE:** Smith-Green Defendants have insufficient information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint. Thus, the allegations are denied.

19. During the sleepover the girls took pictures of themselves pretending to kiss or lick a large multi-colored novelty lollipop shaped phallus that they had purchased as well as pictures of themselves in lingerie with dollar bills stuck in their clothes as well as other pictures.

**RESPONSE:** Smith-Green Defendants have insufficient information to admit or deny the allegations in Paragraph 19 of Plaintiffs' Complaint. Thus, the allegations are denied.

20. They intended this to be humorous and all the participants considered it to be so.

**RESPONSE:** Smith-Green Defendants have insufficient information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint. Thus, the allegations are denied.

21. There was nothing in the pictures that identified the participants as attending Churubusco High School and there was no reference whatsoever in the pictures to Churubusco High School.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. They desired to share these humorous photographs with their friends and therefore both T.V. and M.K. posted the pictures on their MySpace pages.

**RESPONSE:** Smith-Green Defendants deny that the photographs were "humorous". Smith-Green Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 22 of Plaintiffs' Complaint. Thus, the remaining allegations are also denied.

23. The only persons who had access to the pictures were persons who T.V. and M.K. had designated as their "friends" on MySpace.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. An unknown person saw the pictures on MySpace, copied them, and, before the school year started, gave them to unknown school personnel. They were eventually given to defendant Couch by unknown persons.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Upon reviewing the pictures defendant Couch suspended T.V. and M.K. from extra-curricular activities for the school year.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. This all occurred before the 2009-2010 school year started.

**RESPONSE:** Smith-Green Defendants have insufficient information to admit or deny the allegations in Paragraph 26 of Plaintiffs' Complaint. Thus, the allegations are denied.

27. At no time did the pictures cause any disruption in the school or affect the school in any way.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Nevertheless, defendant Couch suspended both T.V. and M.K. from all extra-curricular activities, including athletics, for the entire school year.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. T.V. and M.K.'s parents spoke to defendant Couch and he informed them that the punishment could possibly be lessened to 25% of the girls' extra-curricular activities if they went to three counseling sessions and individually apologized to the Athletic Board which consists of all the varsity head coaches at the High School.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. The Athletic Board could only lessen the punishment. It could not stop the girls from receiving some punishment for their out of school behavior which was in no way disruptive of the school

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. T.V.'s father attempted to appeal defendant Couch's decision to punish the plaintiffs to the Superintendent of the Smith-Green Community School Corporation. He was told by the Superintendent that the Principal had absolute discretion and authority in this matter.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Because T.V. and M.K. did not want to miss the entire season they went to three counseling sessions.

**RESPONSE:** Smith-Green Defendants lack sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiffs' Complaint. Thus, the allegations are denied.

33. The counseling reports were turned over to defendant Couch.

**RESPONSE:** Smith-Green Defendants admit the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. The girls also, individually, went before the Athletic Board a group of all male coaches to apologize for their behavior. Defendant Couch was present as well.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. The forced counseling was humiliating to the plaintiffs and being forced to appear before the coaches to apologize for their intended humorous photographs which had no impact on the school whatsoever was profoundly embarrassing.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Both T.V. and M.K. were forced to miss 25% of their fall semester extra-curricular activities.

**RESPONSE:** Smith-Green Defendants admit that T.V. and M.K. were not permitted to participate in 25% of their fall semester extra-curricular activities. All remaining allegations and inferences are denied.

37. Defendant Couch has indicated that this behavior represents one "strike" against the plaintiffs.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Both plaintiffs have been profoundly and negatively affected by this experience.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Both plaintiffs are extremely reluctant to express themselves by posting pictures on their MySpace pages and are generally afraid to share pictures, e-mails, or other communications with their friends because of fear that they will lead to further punishment, even though they do not interfere with the school in any way.

**RESPONSE:** Smith-Green Defendants lack sufficient information to either admit or deny the allegations in Paragraph 39 of Plaintiffs' Complaint. Thus, the allegations are denied.

40. Defendant Couch has been delegated the authority to discipline students participating in extra-curricular activities by the Smith-Green Community School Corporation and this authority is not subject to review although, as indicated above, the Athletic Board may decrease the punishment. However, it is defendant Couch's decision alone to initiate punishment and there is no appeal from his decision that some punishment should be meted out.

**RESPONSE:** Smith-Green Defendants admit that Defendant Couch has the authority, as Principal of Churubusco High School, to discipline students. All remaining allegations and inferences of Paragraph 40 of Plaintiffs' Complaint are denied.

41. Plaintiffs have been damaged by defendants' actions.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. At all times defendants acted under color of state law.

**RESPONSE:** Smith-Green Defendants admit the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the cost of this action, attorneys' fees, and all other just and proper relief).

**Jury demand**

44. Plaintiffs demand a trial by jury for all claims so triable.

**RESPONSE**: Smith-Green Defendants admit that Plaintiffs have requested a trial by jury in this action. Whether Plaintiffs are entitled to a jury trial is a legal question to which no response is required. Further, pursuant to Fed. R. Civ. P. 38(b), the Smith-Green Defendants specifically object to a jury determination of any equitable issue in this action or any other issues not triable to a jury.

**Claim for relief**

45. The punishment of plaintiffs for expressive activity taken place outside of the Smith-Green Community Schools which activity did not disrupt in any way educational activity violated the First Amendment and to the extent that defendants have a policy allowing such punishment the policy is unconstitutional as violating the First Amendment as applied to such activity which is not disruptive.

**RESPONSE:** Smith-Green Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint.

WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the cost of this action, attorneys' fees, and all other just and proper relief).

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

**RESPONSE**: Smith-Green Defendants deny that class certification is appropriate and therefore, deny the relief requested in Paragraph a of Plaintiffs' Complaint as it relates to the putative class. Smith-Green Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1391. Further, Smith-Green Defendants request that this Court proceed in accordance with the local rules and scheduling procedures applied to all matters.

b. Certify this case as a class action with the class as defined above.

**RESPONSE:** Smith-Green Defendants deny that Plaintiffs are entitled to class certification, as requested in Paragraph b of Plaintiffs' Complaint.

 c. Declare that defendants' actions and the Conduct Policy as interpreted to apply to out-of-school activity that is not disruptive to the school violate the First Amendment as noted above.

**RESPONSE:** Smith-Green Defendants deny that the Smith-Green Defendants' actions violate the First Amendment and therefore deny that Plaintiffs are entitled to the relief requested in Paragraph c of Plaintiffs' Complaint.

 d. Enter a permanent injunction, enjoining defendants from punishing plaintiffs and the putative class for actions taken outside of the school that are in no way disruptive of school activities and from interpreting the Conduct Policy to allow such punishment.

**RESPONSE:** The relief requested as to the Plaintiffs is moot and the relief requested as to the "putative class" exceeds the scope of the allegations of the Complaint. As such, the Smith-Green Defendants deny that the Plaintiffs are entitled to the relief requested in Paragraph d of Plaintiffs' Complaint.

 e. Enter a permanent injunction requiring the defendants to expunge all references to this incident from plaintiffs' records, to destroy all reports of counseling received as the result of this incident and enjoining defendants from using this incident in any way in the future concerning either T.V. or M.K.

**RESPONSE:** Smith-Green Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph e of Plaintiffs' Complaint.

 f. Award T.V. and M.K. their damages.

**RESPONSE:** Smith-Green Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph f of Plaintiffs' Complaint.

 g.. Award plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

**RESPONSE:** Smith-Green Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph g of Plaintiffs' Complaint.

  h.  Award all other proper relief.

  **RESPONSE:** Smith-Green Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph h of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

  Smith-Green Defendants, for their affirmative defenses and other matters, alternatively state:

  1.  The Complaint fails to state a claim upon which relief can be granted. *See* FRCP 12(b)(6).

  2.  There has been a "failure to mitigate" alleged damages.

  3.  Plaintiffs are minors, and as such, are incompetent to bring this action on their own behalf (and/or on behalf of a class). *See* FRCP 17(c).

  4.  Smith-Green Defendants lacked the required intent (or state of mind) necessary to commit any of the alleged/purported violations of Federal statutes.

  5.  To the extent any claims are deemed "frivolous", or that the defense is found to be the "prevailing party" to this lawsuit, the defense will seek to recoup costs and attorneys' fees.

  6.  Smith-Green Defendants rely upon the doctrines of estoppel, waiver, and laches.

  7.  The Plaintiffs lack "standing".

  8.  The Plaintiffs have failed to join indispensable parties and parties needed for just adjudication (such as the IHSAA).

  9.  To the extent applicable, the Defendant relies upon any governing "caps" and/or "limitations" (upon the amount of any theoretical recovery).

10. Smith-Green Defendants are entitled to qualified immunity.

11. Plaintiffs have failed to allege the existence of any municipal custom, practice, or policy causing constitutional injury, and their claims pursuant to 42 U.S.C. §1983 against Smith-Green Defendants are therefore deficient in this regard.

12. Plaintiffs have failed to comply with the notice requirements of the Indiana Tort Claims Act (to the extent that they allege any state law violations).

13. Smith-Green Defendants did not violate Plaintiffs constitutional rights as Plaintiffs alleged protected "expressions" are obscene and as such are not constitutionally protected activity.

14. The so-called "expressive activity" which gives rise to Plaintiffs' lawsuit is obscenity and is not constitutionally protected.

15. The so-called "expressive activity" which gives rise to Plaintiffs' lawsuit is child pornography pursuant to both Federal and State law and is not afforded constitutional protection. *See* 18 U.S.C. § 2252; I.C. 35-42-2-2.

16. Plaintiffs have failed to exhaust their administrative remedies.

17. The purported class is not so numerous that joinder of all members is impracticable.

18. There are not questions of law or fact common to the purported class members.

19. The Plaintiffs' claims are not typical of those individuals in the purported class.

20. Plaintiffs are incapable of fairly and adequately protecting the interests of the purported class.

21. Plaintiffs' alleged claim for injunctive relief is inappropriate due to an adequate remedy at law (which deprives this Court of any equitable jurisdiction).

22. Some or all of Plaintiffs' requests for relief are moot

23. Plaintiffs have no chance of prevailing on the merits (and this, too, bars the purported request for injunctive relief).

24. The Plaintiffs' conduct materially and substantially disrupted the work and discipline of the school.

25. The Plaintiffs failed to exhaust their administrative remedies.

26. Plaintiffs' claims may be barred by the applicable statute of limitations.

27. Each affirmative defense is pled in the alternative (without prejudice to any other).

28. The Defendants reserve the right to plead all other "affirmative defenses" and "other matters" which may come to light as "discovery" progresses.

WHEREFORE, Smith-Green Defendants pray that Plaintiffs take nothing (and for the costs of this action, attorneys' fees, and all other just and proper relief).

**TRIAL BY JURY**

Smith-Green Defendants hereby respectfully request that the above-captioned matter be tried by a jury.

Respectfully submitted,

HUNT SUEDHOFF KALAMAROS LLP


  /s/ Linda A. Polley
Linda A. Polley            #10897-02
James J. Shea, Sr.      #2177-02
803 South Calhoun Street, Suite 900
P.O. Box 11489
Fort Wayne, Indiana  46858-1489
Telephone: (260) 423-1311
Facsimile: (260) 424-5396
ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to any CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants.

Kenneth J. Falk
ACLU OF INDIANA
1031 E. Washington Street
Indianapolis, IN  46202
kfalk@aclu-in.org

W. Erik Weber
MEFFORD WEBER AND BLYTHE
130 East Seventh Street
Auburn, IN  46706-1839
Erik@lawmwb.com


  /s/ Linda A. Polley
Linda A. Polley/James J. Shea, Sr.