UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| T.V. and M.K., individually and on behalf of a class of those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SMITH-GREEN COMMUNITY SCHOOL CORPORATION; AUSTIN COUCH, Principal of Churubusco High School in his official and individual capacities,<br><br>    Defendants. | CASE NO. 1:09-CV-00290 PPS-RBC |

**DEFENDANTS' SUR-RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

**I.
INTRODUCTION**

Despite Plaintiffs attempt to turn their personal and highly individual claims into a class action, the facts simply do not justify certification. In reading Plaintiffs' arguments for class certification, it is clear that the Plaintiffs do not actually dispute the Defendants' policy; rather, they dispute the manner in which it was enforced in this specific situation. Moreover, there is no evidence that Defendants have ever used the policy to punish behavior similar to the Plaintiffs. Finally, T.V. and M.K. arguably do not have the right to the constitutional protection which they claim. *See Lowery v. Euverard*, 497 F.3d 584 (6th Cir. 2007) ("There is a difference between the way a school relates to the student body at large, and to students who voluntarily 'go out' for athletic teams. . . . Restrictions that would be inappropriate for the student body at large may be

1

appropriate in the context of voluntary athletic programs."). As such, Plaintiffs' Amended Motion For Class Certification should be denied.

In their "Memorandum In Support Of Motion For Class Certification", the Plaintiffs repeatedly misrepresent and mischaracterize the Smith-Green Community School Corporation's Code of Conduct when they continually maintain that the policy allows punishment for activities that do not impact the educational environment of the school. The policy permits no such thing.

The policy provision relied upon in suspending T.V. and M.K. from their extra-curricular activities reads as follows:

> [i]t shall be recognized that the Principal, by the administrative authority vested in him/her by the Smith-Green Community School Corporation, may exclude any student-athlete from representing Churubusco High School if his/her conduct in or out of school reflects discredit upon Churubusco High School or the IHSAA or creates a disruptive influence on the discipline, good order, moral, or educational environment at Churubusco High School.

The policy is clear. Conduct that brings discredit upon the school or creates a disruptive environment at the school may be punished. To argue that the policy permits a student to be disciplined for conduct that "does not impact the school" is inaccurate, disingenuous, and a gross mischaracterization of what the policy states. Clearly, Plaintiffs are attempting to make this a class action issue by purportedly "attacking" the provision, when what they are actually challenging is the way it was enforced in their specific situation.

## II.
## LAW AND ARGUMENT

Class certification is only proper if the Plaintiffs can establish that all four elements of FRCP 23(a) are satisfied. The Plaintiffs have not proven and cannot prove that even one of the requirements is met. Further, Plaintiffs must establish that that one of the elements set forth in

FRCP 23(b) is satisfied. Plaintiffs are unable to satisfy this burden as well. Class certification is improper.

## A.
## NONE OF THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED

### 1. The Purported Class Is Not So Numerous As To Make Joinder Impracticable.

The Plaintiffs are unable to satisfy the "numerosity" requirement of Rule 23(a). The Plaintiffs state, "[e]ssentially, the defendants are arguing that the class definition is incorrect and, if defined correctly, numerosity would not be met." (Plaintiffs' Reply Memorandum In Support Of Motion For Class Certification, p. 6). This is correct.

The Plaintiffs are not challenging a specific policy or general practice. Rather, they challenge the manner in which a provision of the Code of Conduct was enforced on one particular occasion. This is not an issue that affects every current and future Churubusco High School student who is involved or will be involved in athletics, extra-curricular, and/or co-curricular activities. This is a situation that affects only those students who decided to post inappropriate photographs on the internet. Two of the students (T.V. and M.K.) are parties herein. To the extent that the other two student athletes that were involved in the incident would like to be joined in this lawsuit, that certainly is practical.

In support of the "numerosity" requirement, Plaintiffs argue, "[l]ike T.V. and M.K. the students are all subject to punishment for expressive activities engaged in outside of school *which do not substantially interfere with the school*." (Plaintiffs' Reply Memorandum In Support Of Motion For Class Certification, p. 7) (emphasis added). This is incorrect. Rather, the policy at issue, only permits a student to be excluded from representing Churubusco High School if his/her conduct "*reflects discredit upon Churubusco High School or the IHSAA or*

*creates a disruptive influence on the discipline, good order, moral, or educational environment*" at the High School.  The Student Handbook provision clearly only permits punishment when the behavior in question interferes with the school.  Whether T.V. and M.K., by posting sexually suggestive photographs of themselves on the internet, interfered with the school, is not at issue at this time (as Plaintiffs correctly point out that they do not have to prove the merits of their claim at this stage) and certainly is not an issue worthy of class certification.

The Plaintiffs cite several cases which purportedly support their argument.  However, none of these cases is similar to the issue at hand.  The cited cases all have a common thread – the plaintiffs in each case challenged a specific statute, order, or policy as being unconstitutional.  For example, in *Hodgkins v. Goldsmith*, 2000 WL 892964 (S.D. Ind. 2000), the plaintiffs argued that Indiana's curfew law was unconstitutional because it did not contain an exception for youth engaged in activities protected by the First Amendment.

Although the Plaintiffs attempt to make such an argument here, it is improper because the behavior they complain about (i.e. punishing out of school expressive conduct that allegedly does not affect the school) is expressly prohibited by the Code of Conduct.  As such, if properly characterized, the Plaintiffs' argument is that the Defendants improperly applied the Student Handbook provision in this specific situation.  There is no argument that the provision itself is unconstitutional.  Moreover, the Plaintiffs do not argue (and there is no evidence) that Defendants have a general practice or history of enforcing this provision in the contested manner.

Whether the Student Handbook provision(s) were applied properly or improperly is a highly individualized, fact sensitive inquiry.  This is not an issue that can or should be made the subject of a class action law suit.  The Plaintiffs have improperly defined the class.  If defined

correctly, the "class" would include T.V., M.K., and the other two student athletes whose pictures were posted online. Four individuals is insufficient to satisfy the numerosity requirement for class certification. Plaintiffs request for class certification fails.

### 2. There Are No Common Questions Of Law Or Fact.

There are no common questions of law or fact. However, in an attempt to establish that there are, the Plaintiffs assert, "the issue is that the defendants have concluded that they have the right to punish students who engage in expressive conduct out of school that does not impact the school. This is, to cite *Patterson*, a general policy or practice." Plaintiffs' Reply Memorandum In Support Of Motion For Class Certification, p. 9).

Again, as set forth above, the Student Handbook provision relied upon by the Defendants only allows punishment of behavior that ***does*** have an impact on the school. This is eminently clear in reading the policy. As such, the Plaintiffs have misstated "the issue". Moreover, the conclusory suggestion that there is a "general policy or practice" is completely baseless and inaccurate. As explained in prior filings, there has never been a situation similar to the case at hand. To argue that a onetime occurrence translates into a "general policy or practice" is illogical and incorrect.

The Plaintiffs further argue, "[t]her is no need to show that all students engage in the same conduct – it is enough to show that all students are subjected to a policy that impinges on their First Amendment rights." However, the Plaintiffs have failed to establish that a single student at Churubusco High School is subjected to a policy that impinges on their First Amendment Rights.[1] In fact, all that Plaintiffs have done is mischaracterized the policy provision at issue.

---

[1] It has not even been established that these students have such a right. *See Lowery v. Euverard*, 497 F.3d 584 (6th Cir. 2007.

The Plaintiffs are clearly not challenging the policy, but the manner in which it was imposed as to four students.  And, this is a highly individualized claim.  There is no common question of law or fact present.  Plaintiffs' Motion should be denied.

### 3. The Plaintiffs' Claims Are Not Typical Of The Purported Class Members.

The Plaintiffs cannot satisfy the "typicality" requirement of Rule 23(a), either.  In their reply memorandum, the Plaintiffs state, "[g]iven that the plaintiffs argue that [the] Code of Conduct is unconstitutional *as applied* to out of school activity that does not impact the educational environment . . . ."  Clearly, the parties agree, that this is an issue of how the policy has been *applied*, as opposed to an issue about the policy itself.  Thus, the Plaintiffs admit that the issue is with the application of the policy and not with policy in general.

Moreover, the Plaintiffs do not dispute that their situation is unique.  They have not identified a single Churubusco High School student that has been suspended from his/her sport or activity as a result of his/her constitutionally protected expression, nor have the Plaintiffs identified a single student that has "cabined" his/her expression in fear of punishment.

Finally, the Plaintiffs argue, "[a]ll members of the class would benefit by an order restricting the scope of the Code of Conduct to constitutional boundaries."  Plaintiffs argue that the Code of Conduct is unconstitutional inasmuch as it allows a student to be suspended from his/her activity for participating in expressive activity, outside of school, that does not affect the school.  However, the clear and unambiguous language of the Code of Conduct only permits a student to be suspended from his/her activity if the conduct in question *does* impact the school.  Thus, the Code of Conduct, in its current form, is already "restricted" in the manner that Plaintiffs argue would benefit the class members.  Class certification is unnecessary.

There is nothing typical about the Plaintiffs' claims (as they relate to the claims of the purported class members). The Plaintiffs are upset about the way the Code of Conduct was applied in their particular circumstance. Their complaint is clearly not about the policy in general and the Plaintiffs claims are not typical of those of the purported class. Class certification is improper.

### 4. The Plaintiffs Do Not Adequately Represent The Purported Class.

The Plaintiffs are not adequate class representatives. The parents of T.V. and M.K. have been named as Plaintiffs to pursue their daughters' claims on their behalf. Despite the Plaintiffs' assertions that they will "vigorously pursue this litigation", all four parents requested to remain anonymous in this lawsuit. It is difficult to understand how a person that does not want to be personally identified or connected to this litigation can argue that they are serious about litigating these claims, or that they can adequately represent a class who has no idea who they are.

Further, the Plaintiff parents' lack of judgment (as it relates to their ability to represent a class of minors) is also at issue. The Plaintiffs' minor daughters took sexually suggestive photographs of themselves and posted them on the internet. The Plaintiffs, on behalf of their minor daughters, argue that these distasteful and obscene photographs are somehow constitutionally protected expression. Certainly, any parent that will pursue a federal lawsuit to protect his/her minor daughter's right to post partially nude and potentially pornographic photographs on the internet, exhibits a serious lack of judgment. It is difficult to fathom that such individuals possess the judgment and discretion to adequately represent a class of minors. More difficult to comprehend is the idea that the purported class of minors (along with their parents) would be comfortable with these individuals representing their interests in a federal lawsuit.

In support of the argument that Plaintiffs can adequately represent the class, Plaintiffs cite a number of cases which purportedly support their argument that "a school violates the First Amendment when it punishes out of school expressive activity that does not substantially disrupt the operation of the school." (Plaintiffs' Reply Memorandum In Support Of Motion For Class Certification, p. 12). Interestingly, all of the cases cited by the Plaintiffs involve situations where students were suspended from school, not athletic, co-curricular, or extra-curricular activities.[2] These cases are not applicable here because "[i]t is well-established that students do not have a general constitutional right to participate in extracurricular athletics." *Lowery v. Euverard*, 497 F.3d 584 (6th Cir. 2007). Thus, the cited cases, offer nothing in the way of support for Plaintiffs' claims that they adequately represent the class (or that their First Amendment rights were violated).

Additionally, as previously argued, to the extent that the Defendants have violated the First Amendment Rights of other Churubusco High School students (which they have not), undoubtedly, these other individuals would be far more qualified to represented the purported class. The Parents of potential child pornographers are not the appropriate individuals to adequately represent the First Amendment rights of all current and future Churubusco High School student athletes and current and future students involved in co-curricular and extra-curricular activities.

Finally, the Plaintiffs rely on *Patrykus v. Gomilla*, 121 F.R.D. 357 (N.D. Ill. 1998) in support of their argument that they adequately represent the class. This case provides, "[t]he representative plaintiffs' interests in this case are virtually identical with those of the entire class.

---

[2] The student in *Killion v. Franklin Regional School District*, 136 F.Supp.2d 446 (W.D. Pa. 2001), was suspended from participating in athletic activities *during* his 10-day school suspension. The issue of suspension from athletics versus school was not litigated. Regardless, *Killion* can be distinguished from the instant matter to the extent that the Plaintiff was suspended from school (unlike T.V. and M.K.).

8

. . . The named plaintiffs are seeking relief that is directed to all class members." *Id*. That simply is not the case in the present litigation.

The Plaintiffs interests are not identical to those of the alleged class members. Further, the Plaintiffs are not seeking relief directed to all class members. The Plaintiffs are seeking monetary damages for themselves and "personal vindication". The alleged relief directed to all class members is illusory as the current Code of Conduct provision already prohibits the actions which Plaintiffs contest and there is no evidence that the Defendants have a policy or practice of not following the clear and unambiguous policy provisions.

It is true that "[a]n individual claim for large damages does not necessarily make a putative representative's interests 'antagonistic' to those of the class . . . ." *Stewart v. Winter*, 669 F.2d 328, 334 -335 (C.A. Miss. 1982). However, "if the court has reason to conclude that a plaintiff has neglected or will neglect the claims for injunctive relief in his pursuit of his damage claims, it may find him an inadequate representative." *Id*. at 335. The Court in *Stewart*, 669 F.2d at 335, reasoned,

> in this case, there is nothing in the record to indicate that plaintiffs' claims for damages are in any way "antagonistic" to the class claims for injunctive relief. ***The complaint, in fact, primarily recites allegations that are applicable to the entire class*** . . . .

This is not true in the case at hand. The Plaintiffs' "Amended Class Action Complaint for Declaratory and Injunctive Relief and Individual Action for Damages" does not recite allegations applicable to the entire purported class. Further, the "Request for relief" seeks "a permanent injunction, enjoining defendants from punishing plaintiffs and the putative class for actions taken outside of the school that are in no way disruptive of school activities and from interpreting the Conduct Policy to allow such punishment." The Code of Conduct, as written, does not permit punishment for conduct that does not disrupt school activities. Moreover, there

9

is no evidence that the Defendants *have ever* punished a student for behavior that did not disrupt school activities. In fact, T.V. and M.K.'s behavior (which gives rise to this litigation), *did cause disruption* at the High School. (Affidavit of Austin Couch, ¶ 8 [attached in support of Defendants' Response In Opposition To Plaintiffs' Motion For Class Certification). The relief requested for the purported class is illusory.

The Plaintiffs Amended Motion For Class Certification must be denied as the Plaintiffs are not proper class representatives.

### B.
### THE PLAINTIFFS CANNOT SATISFY THE REQUIREMENT OF FRCP 23(b)

In addition to all four requirements set forth in FRCP 23(a), a movant must satisfy one of three requirements of FRCP 23(b). The fact that Plaintiffs cannot satisfy a single element of FRCP 23(a) necessarily results in the failure of their Amended Motion For Class Certification. Assuming arguendo that the Plaintiffs can satisfy the elements of FRCP 23(a) (which they cannot), class certification is improper because they cannot satisfy FRCP 23(b)(2).

FRCP 23(b)(2) provides, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole". The Defendants have not acted in a way that applies generally to the class. Rather, the Defendants suspended T.V. and M.K. from their respective extra-curricular activities because they participated in conduct that reflected discredit upon Churubusco High School. This in no way applies generally to the class (i.e. every current and future Churubusco High School student involved in sports, extra-curricular, and/or co-curricular activities). Moreover, the Plaintiffs have failed to identify a pattern or general policy of the Defendants that would in fact apply to the class in general. *See*, *Patterson v. General Motors Corp.*, 631 F.2d 480 (7th Cir. 1980) ("Plaintiff has not indicated that any other

employee has ever been discriminated against in the same way or that there is the likelihood of such a future class ever existing.).

The Plaintiffs clearly state that they "challenge the Code of Conduct *as applied* to the out-of-school expression of students." (Plaintiffs' Reply Memorandum In Support Of Motion For Class Certification, p. 14). Again, Plaintiffs acknowledge that it is the *application* of the policy, not the policy in general, that is at issue. How the policy is applied is clearly a situation-specific inquiry. This is especially true, whereas here, there is no history or pattern of applying the policy in the alleged improper manner. For this reason, *Meisberger v. Donahue*, 245 F.R.D. 627 (S.D. Ind. 2007) is inapplicable.

In *Meisberger*, 245 F.R.D. at 629, prison inmates sought declaratory and injunctive relief from the implementation and enforcement of a policy prohibiting possession of certain materials or publications. The issue in *Meisberger*, 245 F.R.D. at 630, was whether the proposed policy provisions passed constitutional muster. That is not the issue in the case at hand. Although the Plaintiffs attempt to argue that the policy provision is unconstitutional to the extent the Defendants have the right to punish behavior that does not impact the school, the clear and unambiguous policy language does not permit punishment under such circumstances. Thus, it is not that the specific provision of the Code of Conduct that the Plaintiffs are challenging. Rather, they challenge the manner in which it was applied to T.V. and M.K. This is insufficient to satisfy the requirements of Rule 23(b)(2). Class certification is not proper.

### III.
### CONCLUSION

Despite Plaintiffs attempts to make this a class issue, it simply is not. Plaintiffs claim that the Code of Conduct permits the Defendants to punish students for behavior that does not interfere with the school. This is incorrect. To the extent Plaintiffs argue that the Defendants did

punish T.V. and M.K. for out of school conduct that did not impact the school, in violation of the Code of Conduct and their First Amendment rights (which the Defendants stringently dispute), that is an issue that is specific to T.V. and M.K. and is not appropriate for class certification. The Plaintiffs are unable to satisfy a single element of FRCP 23(a). Moreover, they cannot prove that Rule 23(b)(2) is satisfied either. Their Amended Motion For Class Certification must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Amended Motion For Class Certification (and all other proper relief).

Respectfully submitted,

HUNT SUEDHOFF KALAMAROS LLP


_/s/ Linda A. Polley_____
Linda A. Polley         #10897-02
James J. Shea, Sr.      #2177-02
Emily R. Yoder          #27403-02
803 South Calhoun Street, Suite 900
P.O. Box 11489
Fort Wayne, Indiana  46858-1489
Telephone: (260) 423-1311
Facsimile: (260) 424-5396
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to any CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants.

Kenneth J. Falk
ACLU OF INDIANA
1031 E. Washington Street
Indianapolis, IN  46202
kfalk@aclu-in.org

W. Erik Weber
MEFFORD WEBER AND BLYTHE
130 East Seventh Street

Auburn, IN  46706-1839
Erik@lawmwb.com

                                                                 /s/ Linda A. Polley_____
                                                           Linda A. Polley/James J. Shea, Sr.